FILED

**NOT FOR PUBLICATION**

JAN 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK TODD FULBRIGHT, | No. 08-55369 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-04280-DDP |
| v. | |
| D. L. RUNNELS, Warden, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

California state prisoner Derek Todd Fulbright appeals from the district court's order denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

EOH/Research

Fulbright contends that the trial court's failure to give *sua sponte* a jury instruction on what constituted a lawful arrest was a violation of his due process rights. Even assuming that the trial court should have given the instruction, Fulbright has not shown that he was prejudiced, in light of the evidence and the instructions as a whole. *See Mendez v. Knowles*, 556 F.3d 757, 768 (9th Cir. 2009); *see also Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) (stating that "omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law").

Fulbright next contends that his trial counsel provided ineffective assistance by agreeing to an additional special jury instruction that allegedly negated his defense of resisting unlawful arrest. Fulbright has not demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The state court's rejection of these claims was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**